UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
LINDA MENGELKAMP, :
: CASE NO. 11-CV-2589
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 97]
LAKE METROPOLITAN HOUSING :
AUTHORITY, *et al.*, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendants Lake Metropolitan Housing Authority ("LMHA") and Steven Knotts move this Court to stay execution of the judgment in this matter pending appeal without requiring a posting of a supersedeas bond. [Doc. 97.] For the reasons stated below, the Court DENIES the motion.

On September 11, 2012, a jury awarded Plaintiff Linda Mengelkamp $300,000 in damages on her workplace retaliation claim against Defendants. [Doc. 78.] The award consisted of $195,000 in compensatory damages and $105,000 in punitive damages. [*Id.*] On November 14, 2012, this Court awarded Mengelkamp $68,035 in attorneys' fees and $5,815 in costs. [Doc. 95.] Defendants thereafter filed their notice of appeal to the United States Court of Appeals for the Sixth Circuit. [Doc. 96.]

Case No. 11-CV-2589
Gwin, J.

> Federal Rules of Civil Procedure 62(d) states:
>
> Stay with Bond on Appeal. If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Where a bond is required, "an appellant is entitled to a stay pending appeal as a matter of right." *Barrett v. Detroit Heading, LLC*, 2007 WL 2649714, at *1 (E.D. Mich. Sept. 10, 2007). The Sixth Circuit has held, however, that this "rule in no way necessarily implies that filing a bond is the only way to obtain a stay. It speaks only to stays granted as a matter of right[;] it does not speak to stays granted by the court in accordance with its discretion." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). The trial court has discretion to determine whether to require the bond.

The Sixth Circuit has not explained what factors a district court should consider in determining whether to require a bond. In *Arban*, it held that a district court did not abuse its discretion in denying a request for bond when the defendant could clearly satisfy the judgment, noting that in that case, it would be a waste of money to require a bond. *Id.*

Many district courts, however, have held that "'a full supersedeas bond should almost always be required' and should only be excused where the appellant has demonstrated the existence of extraordinary circumstances." See *Verhoff v. Time Warner Cable, Inc.*, 2007 WL 4303743, at *4 (N.D. Ohio Dec. 10, 2007) (listing cases). These cases have required bonds even when the defendant clearly had the ability to pay. *United States ex rel. Gonter v. Gen. Dynamics*, 2006 WL 3783140, at *3 (N.D. Ohio Dec. 21, 2006) ("It does not follow that courts must grant an unsecured stay when the movant clearly can pay the judgment. To so conclude would obliterate Rule 62(d)'s dual protection functions; Rule 62(d) establishes the appellant's right to a stay but also the appellee's right

Case No. 11-CV-2589
Gwin, J.

to have a bond posted securing the stay").

In this case, Defendant LMHA puts forth no extraordinary circumstance for this Court to consider. Rather, it argues that its ability to pay is clear because it is covered by an insurance policy. Many litigants similarly have insurance policies to cover civil liabilities, yet the instant motion may only be granted in the most extraordinary of circumstances. The Court, therefore, will require the bond as to LMHA.

Defendant Knotts states in an affidavit that posting the bond would pose an undue financial burden on him. This by itself, however, is not enough. Although the full picture of Knotts's financial status is not known by this Court, it is quite possible that his plight could worsen as the appeal continues. Whatever amount that Plaintiff Mengelkamp might be able to collect now would not necessarily be available a year or more down the road. Knotts has failed to provide the type of evidence necessary to satisfy his burden under Rule 62(d). *See Vaughan v. Memphis Health Ctr., 2006 WL 2038577, at \*1 (W.D. Tenn. July 20, 2006)* ("The burden on the movant to demonstrate the 'extraordinary circumstances' required for a departure from Rule 62(d)'s bond requirement cannot be satisfied without providing the court with evidence of actual financial hardship."). Granting the motion would fail to "preserve[] the status quo while also protecting the appellee's rights." *Arban*, 345 F.3d at 409.

Finally, although Mengelkamp is within her rights to execute the judgment against Knotts, this Court recommends caution in rushing to do so. First, Knotts may not be collectible. Second, should the Court of Appeals disagree with this Court's prior analysis or the jury's verdict, she would be required to return any collected amounts.

For the reasons stated above, the Court DENIES Defendants' motion to stay the judgment

Case No. 11-CV-2589
Gwin, J.

without a supersedeas bond. A bond of $373,850 is required to stay the entire judgment pending appeal.

       IT IS SO ORDERED.

Dated: December 6, 2012                        s/     *James S. Gwin*
                                                   JAMES S. GWIN
                                                   UNITED STATES DISTRICT JUDGE